187 F.3d 261 (2nd Cir. 1999)
 UNITED STATES OF AMERICA, Appellee.
v.
VINCENT GIGANTE, VITTORIO AMUSO, VENERO MANGANO, BENEDETTO ALOI, PETER GOTTI, DOMINIC CANTERINO, PETER CHIODO, JOSEPH ZITO, DENNIS DELUCIA, CAESAR GURINO, VINCENT RICCIARDO, JOSEPH MARION, JOHN MORRISSEY, THOMAS MCGOWAN, VICTOR SOLOLEWSKI, ANTHONY B. LAINO, GERALD COSTABILE, ANDRE CAMPANELLA, MICHAEL REALMUTO, RICHARD PAGLIARULO, MICHAEL DESANTIS, MICHAEL SPINELLI, THOMAS CAREW, CORRADO MARINO, Defendants.
ANTHONY CASSO, Defendant-Appellant.
 No. 1411, Docket No. 98-1413
August Term, 1998
 UNITED STATES COURT OF APPEALS
SECOND CIRCUIT
 Argued April 14, 1999
Decided April 28, 1999
Opinion filed Aug. 9, 1999
 
 Appeal from an order and judgment of conviction in the United States District Court for the Eastern District of New York (Block, J.).
 Affirmed in part; vacated and remanded in part.
 JOSHUA L. DRATEL, New York, NY, for Defendant-Appellant.
 GEORGE A. STAMBOULIDIS, Assistant United States Attorney, Brooklyn, NY (Zachary W. Carter, United States Attorney, Eastern District of New York, David C. James, Assistant United States Attorney, on the brief), for Appellee.
 Before: VAN GRAAFEILAND, JACOBS, and STRAUB, Circuit Judges.
 PER CURIAM:
 
 
 1
 Anthony Casso appeals from a judgment of conviction and sentence, which followed a guilty plea in the United States District Court for the Eastern District of New York (Block, J.). Casso challenges (i) the district court's refusal to order the government to make a substantial assistance motion pursuant to his cooperation agreement and (ii) the court's refusal to order his return to the Witness Security Program ("the Program"). See United States v. Casso, 9 F. Supp. 2d 199 (E.D.N.Y. 1998).
 
 
 2
 In an unpublished summary order, we affirmed the district court's judgment regarding the substantial assistance motion. See United States v. Gigante, No. 98-1413, 1999 WL 265020, at *2-*3 (2d Cir. Apr. 28, 1999). Moreover, we held that the district court lacked jurisdiction to consider Casso's motion for an order returning him to the Program, and vacated this portion of the court's judgment, remanding with instructions to dismiss the motion. See id.
 
 
 3
 After the summary order was issued, the government filed a motion to publish. The government noted that this Court has never published an opinion discussing a court's jurisdiction to review a decision of the Attorney General to terminate someone from the Program. We grant the government's motion in part and today publish an opinion addressing only that portion of the judgment involving the Witness Security Program.
 
 BACKGROUND
 
 4
 Casso, a former "underboss" of the Luchese crime family, pleaded guilty in March 1994 to 70 offenses, including substantive and conspiracy counts of murder and extortion. During his plea allocution, he admitted to having conspired to commit 15 murders. Casso's sentencing guideline calculation called for a sentence of life imprisonment, but he entered into a cooperation agreement with the government that contemplated a government motion for a sentence reduction under §5K1.1 of the guidelines. See Casso, 9 F. Supp. 2d at 200-01.
 
 
 5
 On August 8, 1997, the government advised Casso that he had breached the cooperation agreement and that it would therefore not file the substantial assistance motion. On October 9, 1997, the Bureau of Prisons ("BOP") removed Casso from the Program, which had allowed him to live in a protective custody unit within the prison. According to the government, BOP took this action because of Casso's (conceded) continued criminal activity. See 18 U.S.C. §3521(d)(1)(B) (1994) (requiring that each Program participant sign memorandum of understanding that includes an "agreement... not to commit any crime"); 18 U.S.C. §3521(f) (1994) (authorizing the Attorney General to terminate Program participant who "substantially breaches" memorandum of understanding).
 
 
 6
 Casso argued that his removal from the Program was improper, and asked the district court to order his return. The court declined to do so, concluding that Casso had failed to exhaust his administrative remedies. See Casso, 9 F. Supp. 2d at 207-08.
 
 DISCUSSION
 
 7
 Casso challenges the district court's ruling, which denied his request "pending administrative review of his claim," see United States v. Casso, 9 F. Supp. 2d 199, 208 (E.D.N.Y. 1998). Casso maintains that once he exhausts his administrative remedies, the district court will no longer have jurisdiction to consider the Program claim, see Fed. R. Crim. P. 35 (discussing circumstances under which district court can revise previously imposed sentence). Casso asks this court to vacate his sentence and remand to the district court so that it will have jurisdiction to entertain his motion. In response, the government asks that we affirm the district court's ruling.
 
 
 8
 We take neither course, because we hold that the district court was without jurisdiction to consider Casso's request. The statute governing the Program provides that "[t]he decision of the Attorney General to terminate such protection shall not be subject to judicial review." 18 U.S.C. §3521(f) (1994). Pursuant to this statute, the district court should have dismissed, rather than denied, Casso's request to return to the Program.
 
 
 9
 We vacate that portion of the district court's judgment which addresses Casso's request for an order returning him to the Program, and remand for the limited purpose of allowing the district court to dismiss his motion. (We have no occasion to decide whether an individual's termination from the Program could form the basis for a claim in a substantive or procedural context other than the one presented by this case.)
 
 CONCLUSION
 
 10
 We vacate and remand that portion of the district court's order that pertains to the Program for further proceedings consistent with this opinion.