**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 15 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

MARKEITH BOYD,

       Petitioner-Appellant,

v.

STEPHEN J. T'KACH,

       Respondent-Appellee.

Nos. 01-1040 & 01-1124
(D.C. No. 99-S-2431)
(D. Colo.)

**ORDER AND JUDGMENT** *

Before **HENRY** , **ANDERSON** , and **BRISCOE** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cases are therefore ordered submitted without oral argument.

Petitioner Markeith Boyd, a state inmate appearing *pro se* , appeals the denial of his motion for a preliminary injunction pending resolution of his

---

*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

complaint in district court. This court has jurisdiction pursuant to 28 U.S.C. § 1292(a)(1) to consider Boyd's appeal of the district court's denial of his motion for an injunctive relief. He also appeals the district court's denial of his request to proceed on appeal *in forma pauperis*. Because judicial review does not exist for Boyd's claims under 18 U.S.C. § 3521(f) of the Witness Relocation and Protection Act, we affirm.

I.

In 1992, Boyd, a prisoner in New York state custody, was placed in the United States Marshal's Witness Protection Program (Program) in federal correctional facilities after he was attacked in prison. In November 1999, the Attorney General terminated his participation in the Program because he had violated Program guidelines and Bureau of Prisons rules. While still incarcerated in a federal correctional facility in Colorado, Boyd brought a 28 U.S.C. § 2241 action in federal district court against the respondent, who is the Associate Director of the Office of Enforcement Operations at the Department of Justice and whose office oversees the Program. Boyd claimed that his removal from the Program violated his due process rights, constituted cruel and unusual punishment and was in retaliation for the exercise of his First Amendment rights. He also claimed that the Witness Relocation and Protection Act, 18 U.S.C. § 3521, is unconstitutional. Boyd was transferred out of the Program and returned to state

custody at a state correctional facility in New York. Boyd filed a motion in district court seeking injunctive relief requiring respondent to return him to the Program pending resolution of his action.[1]

The district court dismissed Boyd's due process and cruel and unusual punishment claims as barred from judicial review by 18 U.S.C. § 3521(f). It further ruled that Boyd's challenge to the constitutionality of § 3521 and his First Amendment retaliation claim were not barred from judicial review under § 3521(f), but were not appropriately pleaded as a § 2241 habeas action. The district court ordered Boyd to file an amended civil rights complaint providing the necessary details in support of his First Amendment retaliation claim. Boyd has recently filed an amended complaint in district court.

The district court also denied Boyd's request for injunctive relief, finding no substantial likelihood of success on the merits and no showing of irreparable harm. *See Utah Licensed Beverage Ass'n v. Leavitt*, 256 F.3d 1061, 1065-66 (10th Cir. 2001) (setting forth factors required to obtain injunctive relief).

---

[1] Boyd filed his motion seeking a preliminary injunction or temporary restraining order the same day he filed his complaint, and sought an order precluding his removal from the Program. It is clear from the record, however, that Boyd had already been removed from the Program when he filed his stay request. In later pleadings filed in support of his request for injunctive relief, Boyd stated that he sought to be reinstated to the Program. *See* R. Doc. 22, at 7.

## II.

In appeal No. 01-1040, Boyd appeals the district court's denial of his request for injunctive relief. In order to obtain a preliminary injunction, Boyd must establish (1) that he has a substantial likelihood of prevailing on the merits; (2) that he will suffer irreparable injury if the injunction is denied; (3) that the threatened injury to him outweighs the injury that the opposing party will suffer under the injunction; and (4) that the injunction would not be adverse to the public interest. *Id.* "We review a district court's denial of a preliminary injunction for an abuse of discretion." *Id.* at 1065. "An abuse of discretion occurs only when the trial court bases its decision on an erroneous conclusion of law or where there is no rational basis in the evidence for the ruling." *Id*. (quotation omitted). "Because a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." *Id.* at 1066 (quotation omitted).

Whether a witness will be protected under the witness protection program is entirely within the Attorney General's discretion. *See Abbott v. Petrovsky*, 717 F.2d 1191, 1193 (8th Cir. 1983). "One cannot receive protection simply on demand." *Garcia v. United States*, 666 F.2d 960, 962 (5th Cir. 1982). Most significantly, § 3521(f) of the Witness Relocation and Protection Act provides that "[t]he decision of the Attorney General to terminate such protection shall not

-4-

be subject to judicial review." Because the district court lacks jurisdiction to review the decision to remove Boyd from the Program, and lacks authority to require his placement in the Program, it is clear that it lacked any jurisdiction or authority to grant Boyd's motion for injunctive relief seeking either his continuation in, or his return to, the Program. *See United States v. Gigante*, 187 F.3d 261, 262 (2d Cir. 1999) (holding that under § 3521(f), district court is without jurisdiction to consider request to be returned to witness protection program). Although Boyd claims that the bar on judicial review under § 3521(f) is unconstitutional, he has not presented any reasoned or meritorious argument in support of this contention. Thus, the district court did not abuse its discretion in denying Boyd's motion for injunctive relief.

Boyd has filed a motion in this court seeking to expedite his appeal. In the motion, he presented evidence that he was assaulted in prison in June 2001, resulting in fractures to his cheekbone and eye socket requiring surgery. He contends this assault demonstrates that he will suffer irreparable harm if he is not returned to the Program. He contends that officials at the state correctional facility denied his request to be placed in protective custody. Petitioner does not present any evidence demonstrating that the recent assault was directly or indirectly linked to his removal from the Program, nor, as explained above, does this court have any authority to order Boyd to be placed in the Program, as he

requests.  Insofar as Boyd seeks an order mandating his placement in protective custody, he must seek redress from the prison officials and the court having jurisdiction over the state prison in which he now resides.

III.

In his related appeal No. 01-1124, Boyd appeals the district court's denial of his request to proceed *in forma pauperis* in appeal No. 01-1040.  The district court certified in writing that Boyd's appeal was not taken in good faith because he had not shown a reasoned, nonfrivolous argument on the law or the facts in support of the issues raised on appeal.  *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  In his opening brief, Boyd does not raise any claim of error with respect to the district court's denial of his request to proceed *in forma pauperis*.  Because the district court applied the correct legal standards and we find no error with its finding that Boyd's appeal was not taken in good faith, we affirm.

Accordingly, Boyd's request to proceed *in forma pauperis* is DENIED; the district court's order dated December 27, 2000 denying Boyd's motion for preliminary injunction or temporary restraining order and its March 7, 2001

order denying Boyd's request to proceed *in forma pauperis* are AFFIRMED; and Boyd's motion to expedite his appeals is DENIED as moot. The mandate shall issue forthwith.

Entered for the Court

Robert H. Henry
Circuit Judge