*107 HALL, Circuit Judge,
concurring in the judgment, with whom PARKER, Circuit Judge, joins:
I agree that JS has alleged facts on which he could plead a Fifth Amendment claim related to his SHU confinement and that the district court erred when it dismissed the claim sua sponte. I also agree that the district court should grant leave for JS to replead his Eighth Amendment challenge to his confinement. I write only to articulate the troubling observation that Congress has created procedural guarantees for Witness Security Program (“Program”) participants which when violated, as they appear to have been here, give rise to no judicial remedy.
JS’s complaint alleges a due process violation for being deprived of an opportunity fully to challenge the determination of the U.S. Department of Justice’s Office of Enforcement Operations (“OEO”) that he should be terminated from the Program. Because he was never informed of the precise factual basis supporting the termination until after his appeal was denied, JS asserts that he could not adequately challenge the initial termination decision. These allegations, taken as true, present a clear violation of what Congress has mandated as procedural guarantees to which OEO agrees to be bound in the required Memorandum of Understanding (“MOU”) that OEO must enter with each participant in the Program.
As our opinion notes, the Program’s governing statute, 18 U.S.C. § 3521, places clear limits on judicial review of the adequacy of the grievance and appeals procedure that OEO implements. Section 3521(f) provides that “[t]he decision of the Attorney General to terminate [witness] protection shall not be subject to judicial review.” Thus, although JS has pleaded clear violations of the eongressionally mandated statutory requirements governing the contents of a MOU and a participant’s rights to notice and an appeal, Congress has precluded federal courts from taking jurisdiction to consider such violations. It makes no difference that JS has styled the challenge to his termination from the Program as one sounding in denial of procedural due process because Program participation does not give rise to a protected property interest, termination from which is protected under the Constitution.
Nonetheless, it is beyond cavil that Congress has mandated Program participants receive some procedural protections, even if federal courts cannot compel OEO to follow them. In authorizing the Program, Congress directed the Attorney General to enter into a MOU with each participant, and further directed that the MOU must include:
the procedures to be followed in the case of a breach of the memorandum of understanding, as such procedures are established by the Attorney General. Such procedures shall include a procedure for filing and resolution of grievances of persons provided, protection under this chapter regarding the administration of the program. This procedure shall include the opportunity for resolution of a grievance by a person who was not involved in the case.
18 U.S.C. § 3521(d)(1) (emphasis added). With respect to termination, section 3521(f) prohibits OEO from terminating a participant absent a showing of “substantial[ ] breach[ ]” or facts supporting the conclusion that the participant “provide[d] false information concerning the memorandum of understanding or the circumstances pursuant to which the person was provided protection.” Id. § 3521(f). Additionally, “[b]efore terminating such protection, the Attorney General shall send notice to the person involved of the termination of the protection provided under *108 this chapter and the reasons for the termination.” Id. (emphasis added).
Clearly, Congress intended to insulate from judicial review all aspects of the Attorney General’s decision to terminate an individual from the Program. United States v. Gigante, 187 F.3d 261 (2d Cir.1999). Nonetheless, before OEO terminates a protected witness’s participation in the Program, Congress explicitly requires OEO to find a “substantial ] breaeh[ ]” of a participant’s MOU, to provide “notice to the person involved of the termination ... and the reasons for the termination,” and to provide resolution of any grievance by an uninvolved arbiter. Id. at § 3521(f). While acceptance into the Program is discretionary, as is the ultimate decision to terminate a participant from the Program, once a participant is accepted into the Program, there is no question that OEO must follow requirements mandated by Congress both with respect to provisions that have to be included in the MOU and with respect to the procedures to be followed before terminating a protected witness’s participation in the Program.
On this record, it appears that OEO failed to provide JS, either via the MOU or the prisoner-witness agreement, the procedures required by 18 U.S.C. §§ 3521(d)(1) and 3521(f). Incredibly, the government argues that providing these mandated procedures and embodying them in the MOU or other agreement is discretionary. That argument is meritless, unless by “discretionary” the government means that the federal courts have no jurisdiction to require the government to comply with the applicable statutory mandates. In common parlance, however, the procedures are not “discretionary.” Courts have long held that the use of the directive “shall” denotes a requirement. See In re New Haven Projects Ltd. Liability Co., 225 F.3d 283, 287-88 (2d Cir.2000). Although the Attorney General has some discretion over grievance and appeal procedures to be followed in the event of a breach of the MOU, those procedure's shall include, at a minimum, the guarantees outlined in subsections 3521(d)(1) and (f). And, as the statute directs, a description of those procedures must be incorporated into the MOU or written agreement with the program participant. ’ JS’s allegations, taken as true, and our own review of the sealed MOU and prisoner-witness agreement, demonstrate unequivocally that Congress’s directive has not been followed in this case.
A review of the record on appeal reveals that JS did receive a pre-termination notice, and that he responded within the required amount of time via a notice of appeal and subsequent follow-up letter (in which he stated he had filed an appeal). OEO, however, gave no consideration to what JS had set forth in his appeal statement, thereby depriving JS of any meaningful ability to challenge OEO’s finding of the “substantial breach” that resulted in his Program termination. JS was denied precisely what the statutory procedural guarantees were meant to secure. This is truly troubling, and it is unfortunate, indeed, that the federal courts cannot review the adequacy of OEO’s conduct in this regard and its ostensible breach of the substantive requirements Congress has mandated.
While I fully concur in the judgment, I express some hope that Congress may choose to review and audit compliance with, or even revise, 18 U.S.C. § 3521 to provide greater enforcement of the procedural protections it intended Program participants to have. At the very least, this is a matter that the Office of the Inspector General of the U.S. Department of Justice may wish to review. I respectfully re *109 quest the Clerk of Court forward a copy of this opinion and concurrence to that Office.